# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAVIER RUEDA CARRERO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-000725-JD |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Petitioner Javier Rueda Carrero's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed pro se, as supplemented. [Doc. Nos. 1, 5]. Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus. [Doc. No. 7]. Petitioner did not file a reply.[1]

For the reasons stated below, the Court DENIES the Petition.

## I.    LEGAL STANDARDS

The writ of habeas corpus is available to those held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And § 2241(c)(3) generally gives district courts jurisdiction over challenges to the legality of an alien's detention. *Rasul v. Bush*, 542 U.S. 466, 483 (2004); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

---

[1] Citations to the filings use CM/ECF designations from the top of district court filings for both page numbers and exhibit numbers.

Courts employ a liberal construction to the legal sufficiency of pro se pleadings, "applying a less stringent standard than is applicable to pleadings filed by lawyers." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the court will not "assume the role of advocate," *id.*, nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74.

## II.    ANALYSIS

Petitioner brings multiple grounds for relief, none of which counsel habeas relief. Principally, Petitioner avers he has not "been offered an Individualized Bond Hearing," which might indicate a violation of the Fifth Amendment's Due Process Clause.[2] [Doc. No. 1 at 7]; *see also* [Doc. No. 1 at 8] (requesting an individualized bond hearing). But the record shows Petitioner did receive a bond hearing on March 18, 2026. [Doc. No. 7-3]; [Doc. No. 7-4] (denying bond "based on [the Immigration Judge's] finding that [Petitioner] presents a flight risk"). Moreover, even on a liberal construction, Petitioner makes no argument that his bond hearing was constitutionally insufficient; he

---

[2] Although Petitioner lists this allegation under his "Violation of the Administrative Procedure Act" claim, the Court liberally construes that allegation to relate to Petitioner's "Violation of . . . Fifth Amendment[] Due Process rights" claim. [Doc. No. 1 at 7].

says he didn't get one *at all*. Respondents have shown otherwise, and Petitioner has declined to reply with evidence to the contrary.[3]

Petitioner's claim under the Administrative Procedure Act ("APA") is not cognizable in habeas because the APA itself says a claim cannot be brought where there exists an alternate "adequate remedy in a court." 5 U.S.C. § 704. And where, as here, a claim "'necessarily impl[ies] the invalidity' of [the petitioner's] confinement," it "fall[s] within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). Because Petitioner brings a constitutional challenge under habeas, his APA claim is unnecessary and must be denied.

The same principle holds for Petitioner's Fourth Amendment and Immigration and Nationality Act ("INA") claims, in which Petitioner avers that he was not "served any adequate notice of why [he] was being detained." [Doc. No. 1 at 7–8].[4] The record contradicts that allegation. [Doc. No. 7-2]. And regardless, immigration proceedings "must be allowed to proceed without the intervention of proceedings in the district court challenging the arrest." *Min-Shey Hung v. United States*, 617 F.2d 201, 202 (10th Cir. 1980).

---

[3] Additionally, as contended by Respondents, the Court lacks jurisdiction to disturb the Immigration Judge's finding on flight risk. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

[4] Petitioner's "INA" claim essentially repeats the substance of his Fourth Amendment claim. [Doc. No. 1 at 7–8] ("Being arrested and detained . . . without questioning the reason for the traffic stop or about my legal status.").

The Tenth Circuit's holding in *Luevano v. Holder* further forecloses release as a remedy for a Fourth Amendment violation—even in the context of a petition for review of the BIA decision where the petitioner claimed his detention and questioning violated his constitutional rights and he requested dismissal of the proceedings against him. 660 F.3d 1207, 1212 (10th Cir. 2011). "Had [Petitioner] shown [a Fourth Amendment] violation, he would be entitled to suppression of the evidence, . . . not . . . dismissal of the proceedings." *Id.* at 1213. The lawfulness of Petitioner's continuing detention pending removal does not offend the Fourth Amendment.

## III.   <u>CONCLUSION</u>

For these reasons, the Court DENIES Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. No. 1]. A separate judgment will follow.

IT IS SO ORDERED this 31st day of May 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

4